Good morning, your honors. May it please the court, Gene Vorobyev on behalf of Mr. Nava. Unless the court has a different preference, I wanted to focus on the career offender issue. And I wanted to begin with addressing the court's question in its October 30th order regarding section 462. Oh, I did want to acknowledge one thing. I made a factual misstatement in the reply brief when I said that U.S. v. Potter was a reversal under plain error. It wasn't. It was an affirmative under plain error. I misread the case, and I apologize. Thank you for correcting that. As to applicability of section 462, my view is that it further supports our position that the government has not proven by clear and convincing evidence that my client was convicted of violation of section 460, subdivision A of the California Penal Code or first-degree residential burglary in California. And the way it applies is in the following manner. Under section 462A, probation eligibility for first-degree offense would be exceedingly limited. It would have to be found to be an unusual case where interests of justice require, and California courts have construed that provision very narrowly. So it's fair to say that it's a rare first-degree burglary case that would get probation. But it's possible. And in this case, according to the plea form that the government presented, the disposition that the parties agreed to was probation. And I think it's not reasonably likely that given such limited probation eligibility that both counsel would agree to the disposition of probation because if the court subsequently says, no, I don't accept it, and the court can do that all the way up to sentencing, the court will have to give the client, my client an opportunity to withdraw his plea. So just as a practical matter, if the party could... You've made that argument. I'm not sure I understand that argument, so help me with it. Sure. You have a plea agreement that says he's going to get probation. Right. If the judge doesn't agree to it, like any plea agreement, your client can then decide to go to trial. Right. Right. He has an opportunity to withdraw his plea. Right. So would you address Section 14 of the, or Paragraph 14 of the plea agreement? In particular, your client initials the section that says that if he violates the terms of probation, he may get sentenced to the penitentiary for a maximum of six years. Do you agree that that sentence is only possible for a first-degree burglary? Right. I agree. I agree that that's true. So given that, I understand on the first page we're talking about sentencing ranges for 459, but given that he acknowledged that violation of probation might subject him to six years, isn't that evidence that the plea was to first-degree burglary for which, the only type of burglary for which a six-year sentence is possible? It's some evidence. Yeah. I think that's true. So I think as with the sentencing range, I think it is some evidence that the plea was first-degree burglary. I don't dispute that. So is it your position that in the absence of an express 462 finding, we can't find that it was first-degree burglary? No, no, no, no. I guess I wasn't as clear in my presentation as I should have been. My point is that it's certainly reasonably possible that counsel wouldn't agree to a straight probation disposition as opposed to you apply for probation and let's see what happens, because if they agree to a straight probation disposition and the court says, I don't accept it, yes, the client has an opportunity to go to trial, but that, as a practical matter, it undoes the plea agreement. And if both counsels want an agreement to be done and ---- But, counsel, that seems really quite speculative. In face of the guilty plea also shows that the maximum, looking at page 123 of the record, also shows that the maximum term is two, four, and six years, which also matches up only to first-degree burglary. That's not true, right. So you have two documents, the plea agreement and the actual entry of the document by the court, both demonstrating first-degree residential burglary. And on the other side of the equation you have only, it seems to me, sort of guessing at what maybe a reasonable lawyer might have been inclined to do, but is there any document or other hard evidence, I would call it, that contradicts these two documents? Well, your Honor, the burden of proof is not on my client. It's on the government. Well, I know that, but they proved it with two documents that we've shown, you know, we've referred to here. Is there anything to the contrary? Because if not, why isn't that clear proof? Well, first of all, the plea form does state section 459, not section 460. 459 defines all burglary. It's only 460 that divides it up. So 459 is completely consistent with first-degree residential burglary. Well, actually, I think just that notation alone is consistent with either first or second. Correct. So it doesn't prove that it isn't first-degree. Right. It doesn't go anywhere. So 459 is neutral. Right. And we have an information in which you don't dispute that your client was charged with residential burglary. Right. No, he was definitely charged with it. Okay. So what is it other than the absence of a reference to 460 in these documents that you think makes the government not meet its parameters? My client did initial the punishment range, and it may be a technical detail, but, you know, if you look at the plea form, there are initials. Well, I think I see initials right next to the 14. That's 14, but the previous page, 123, where it says punishment, and I think it's paragraph 2. He didn't initial that. So, I mean, I know that between 2 and 14 you can ask what does that mean. Did he acknowledge that this is first-degree or didn't he acknowledge it? I also note that he pleads guilty, he says, to count 1, and, of course, count 1 does specify first-degree burglary. I know in cases where we're applying the modified categorical or the categorical approach, we do consider that to incorporate by reference the language of the count in the indictment. Well, if it said count 1 of the complaint filed on such and such day, yeah, I think that you can, if the plea form were to clearly connect the form, the complaint that's on file, yeah. Why doesn't it, because of having the same case number on page 123? No, but complaints could be amended, especially in plea agreements. Cases, you know, complaints can be amended at the time he takes a plea. Again, that's purely speculative, though. But, Your Honor, it's not on me to disprove the speculation. U.S. v. Parr says that the appellate court, as the district court, would have to be certain of the statute of conviction. So to the extent there is uncertainty, it is not, it doesn't fall on my client, it falls on the government. But what creates uncertainty? I mean, what you're saying is that some, what I would consider attenuated possibilities is enough to create uncertainty, whereas the natural and straightforward reading of everything contains no uncertainty. So what do we need for uncertainty in this context? Well, you know, I don't know that you can quantify it for every case. I would say that you would have to have a certified judgment of conviction saying it's 468 or first-degree burglary, or you have to have a transcript of the plea colloquy where he says, I admit to violating section 468 or first-degree burglary. That, you know, that settles it. If the factual evidence is there, then we don't have an argument. What do we make of the arguments in the district court, the memoranda to the district court, in which your client refers to the conviction as having been for first-degree residential burglary? I would actually disagree that my client, that the sentencing briefs make such a statement. I think counsel used words residential burglary under section 459, which I will confess I don't know what that means. But he also specifically drew a distinction with a conviction under section 460, that's on page 154 of the excerpt. All right. I understand your position. I do understand your position. And he also specifically filed a written objection where he stated, I make a factual and legal objection to each portion of the PSR, and he refers to each part of the PSR that describes the conviction as first-degree residential burglary. So between those statements regarding the distinction with the section 468 conviction and that objection, I don't think that's an issue that had been certainly admitted or uncontested. So the standard of review is, you know, and I do agree that, you know, I certainly can't say that the record establishes with any strong force that it was not a first-degree plea. But it creates a reasonable possibility that the plea might have been to the second-degree offense. And I think, especially on a de novo standard, that would be enough to find that the government hasn't carried its burden of proof. If I could respectfully request one minute, because I wanted to make one point that I didn't get to make. You may do so quickly. Very quickly. If the court were to disagree with me that the government failed to discharge its burden of proof, I would ask the court to defer submission of this matter or state pending resolution of Deschamps v. United States as before the United States Supreme Court right now. And I can file a motion explaining that in more detail. But I think the court can resolve it by just saying that the government hasn't proven it's a first-degree burglary. But if the court disagrees, I would ask that either submission be deferred or that we stay the matter until Deschamps is decided. I think it's scheduled for a January sitting. Thank you, counsel. Good morning. Jean-Claude Andre, on behalf of the government. There are a number of ways in this case that this Court can easily affirm the career offender determination. And I'd like to start with one that Mr. Vorobiev actually did not address. This case is exactly like Park. In fact, in many cases, it's stronger than Park. And I realize it's a little bit like Groundhog Day for us, Judge Graber, because we were debating Park a year and a half ago. In Park, all we had that indicated that it was a first-degree burglary was the PSR, which just like the PSR in this case, said 459, first-degree residential burglary. And then we had defendant submissions to the Federal District Court acknowledging that it was first-degree burglary. We had no state court records whatsoever in Park. And this Court found that nonetheless, and I realize it wasn't specifically addressed on appeal, but this Court nonetheless had no problem finding that 459, first-degree residential burglary was a crime of violence. Here, of course, our record is stronger because we do have state court records in the record. We have the charging instrument. And the plea form shows the defendant pleaded to count one, and count one is a charge to first-degree residential burglary and a strike under cases like Lael Vega and Snellenberger. That's sufficient. Then, of course, we can get even further into the weeds and look at the exact notations on the plea form, which, as the Court's been discussing with Mr. Rabiav, says 246. I acknowledge Mr. Nava did not initial that paragraph on the first page of the plea form. But certainly on paragraph 14, where there's the indication that he's violated, he will go to prison for up to six years. He initialed that notation. And that can only be an indicator that he pleaded to first-degree residential burglary, which Park clearly holds is categorically a crime of violence. And, by the way, Park just deals with the categorical issue. Park doesn't deal with the sufficiency of the proof of the 459, does it? No, it does not. Okay. So it did so. So it wasn't an issue. So it wasn't an issue there. No. And I acknowledge that. But, I mean, the. So let's go back to this case. Sure. What do you make of the absence of a 462 finding? Well, I think the 462 finding is there in the sentencing transcript. Let me take a step back. The 462 facts are there in the sentencing transcript that I attached to my letter. And I. Sure. There are facts in this case because it seems to have been a relatively, it's hard to say that because you're calling it a violent crime, but a relatively minor burglary in the sense that he went into an ex-girlfriend's house to retrieve property that he thought was his. Right. Illegally. Illegally, so I'm not excusing it. But tell me where the judge says those are the kinds of facts that lead me to think that notwithstanding the statutory admonition not to give first degree burglars probation, you're the kind of guy who ought to get probation. The judge doesn't make a finding. And candidly, you know, Los Angeles County Superior Court is often fairly quick and dirty. So it sounds like you are conceding that the state court may have made a state court mistake in allowing probation without jumping through the hoops. But I guess the question is what difference does that make? Well, right, I think it doesn't make any difference for the reasons that I started with. But I want to explain why this court can comfortably infer that the court did effectively make the 462A finding. And that is because there's this plea agreement or plea form stipulating to a probationary sentence which you can only get if it's a 462A exception case. Well, unless, of course, it's a second degree burglary case, in which case you can get it without any special findings at all. Right. But then paragraph 14 and all the other things I mentioned. I understand. But the key then is because there was this stipulation to the 97-day jail term as a condition of probation, which really can only be a 462A sentence when it's first degree. If you look at that sentencing transcript, the person who tells the judge why the facts are compelling and why they warrant the 97-day credit for time served sentence is the prosecutor, not the defense counsel. So in other words, when Mr. Rabia says why would counsel agree to this, well, the prosecutor obviously did because he's the one who told the judge, here are the facts that justify this sentence. Why are we allowed to look at that transcript? Was that before the district court? It was not. So what authority allows us to look at things that weren't before the district court in the record? There are cases going both ways, but this Court certainly has regularly taken judicial notice of State court records on appeal. I cited the Black case in my letter, which this Court did precisely that. And I know that Mr. Rabia has objected to my submission of that document. I said the 11th hour, and I want to address the cases he cited for the proposition. Roberts. Let me just, before you do that, let's assume that it was properly submitted. Don't our sentencing cases say that's a good reason for us to remand to the district court to consider it rather than consider it, us consider it in the first instance? There are cases that say that, and there are cases that also go ahead and take judicial notice, like Black, and there are a handful of unpublished cases largely out of the Southern District of California because they deal with more categorical modified issues in my office. You have a limited amount of time today, and I want to make sure we at least address this issue. The judge improperly relied on rehabilitation here, not improperly because it was a plain error regime. He did what was correct at the time, but the Supreme Court later said you couldn't rely on rehabilitation in terms of setting the length of the sentence. Is that a sufficient reason for us to remand for resentencing? No. And first, we don't agree that the Court improperly relied on rehabilitation in the tapia sense. So given that this is a plain error regime, our position is that there was no error under Prong I, and even if there was, there was no prejudice under Prong III. It's a strange plain error regime because defendant couldn't have objected at the time. The law of the circuit was rather clear. And that's why we're not making a Prong II argument, because the objection would have been futile. But the reason why there's no tapia error here is that the Court never said I'm sentencing you to prison instead of probation so that you can get rehabilitation. So your position is that if the sentence is increased or if the judge says one reason for the length of the sentence is that I think you need rehabilitation, tapia doesn't apply. It only applies when the judge moves from probation to prison. When the judge moves from probation to prison or when the judge expressly increases the term of custody to promote rehabilitation. And here what you have the Court saying is only a lengthy term in prison will provide him the rehabilitation and training he needs. Lengthy. It's ambiguous. It's open. We don't know what it means. And it would apply. But the Court shouldn't have been thinking about it at all in determining lengthy versus not lengthy. That's what tapia is about. But tapia also says that a court, because of 3553, can acknowledge the benefits that imprisonment will provide, including rehabilitation. Tapia doesn't say that rehabilitation is all of a sudden hands off when imposing sentence. But doesn't the judge here, a fair reading of what the judge says, is that one reason I'm imposing a lengthy term is that I don't think you'll get – I think you need rehabilitation? When I go through the sentencing transcript, rehabilitation seems to be mostly what the judge talks about. He does sort of run through the 3553A factors quickly, but he's mostly talking about rehabilitation. I must respectfully disagree. The judge was most concerned about the defendant's criminal history, concerned about recidivism. She said that his criminal history is, quote, more than double the criminal history points necessary to get him into the top category. That's on page 12 of the excerpt. The public is not safe when the defendant is not in custody. That's on page 13. And I misspoke about the gender of the judge, so I should apologize for that. So the thing that troubles me, and I see there's a lot about deterrence and recidivism, but then the district court makes a remark about only a lengthy period of incarceration will give the defendant the opportunity to overcome his problems, and then says all of the other factors dictate a lengthy sentence as well, suggesting that at least that's one of the factors she's considering in imposing the sentence. And is that enough to bring us within what Topkin said required remand? No, Judge Akuda. I can answer that in two ways. First, when we talk about rehabilitation and vocational training, we have to be aware of how much prison time is kind of the minimum of the floor so that a defendant can get that. A defendant is eligible for the RDAP program, the drug treatment program, which is what defendant's real kind of underlying root problem was, when they're in custody for 24 months. So one way to look at defendant's position is that somehow the court went from the 33 to 41-month non-career offender guideline range all the way up to 151 months to give him additional rehabilitation and training. That was totally – that would be totally unnecessary because he certainly would get it within a 33 to 41-month range. The other point – the other way I'd like to address that is that this Court's sister circuits have recognized that even if the court says rehabilitation is one of the reasons why this sentence is appropriate, that that is not enough, that it has to be the driving force, the central force, or that there has to be an express – If we disagree with you on that, would there be any reason to return the case to a different judge in your view? No, not at all, Judge Graber. And you have run out of time, but I want to ask you your position on the suggestion that opposing counsel made that if we were to agree with your position on the proof of first degree residential burglary, whether we should await – Decamps? Yeah. Absolutely not. Decamps is essentially a case about Navarro-Lopez and Aguila-Montes and using the modified gap categorical approach to narrow an overbroad charge with the facts that are shown in Shepard documents. It has no application to the residual clause, just as Aguila-Montes had no application to PARC. And so for that reason, I think Decamps speaks to a totally different issue and has simply no applicability here. If I could address one last point with respect to the sentencing. You may do so briefly. Thank you. The cases that defendants cited for the proposition that this Court can't look at the sentencing transcript from the State court proceedings, there is no ambiguity within the meaning of Reina Rodriguez. In Enorve, we had no excuse for not putting the document before the district court  The reason why we didn't is we didn't have it. We got it while this case was on appeal, while defendants' positions started changing. We believe strongly that the defendant did not make a factual objection or even say that the government hadn't proven that this was a first-degree offense. In fact, he admitted as much three times over in his sentencing papers. But then on appeal, when all of a sudden the defendant starts saying the government hasn't shown it's a first-degree offense, we went out and got the documents. And then in particular with defendant's 462A letter, when he actually affirmatively suggested that it might be a second-degree offense, we gave it to the court. And we think that those cases the defendant cites, therefore, are inapplicable. Thank you for the extra time. Thank you. We appreciate your argument. You may have a minute for rebuttal as well. I wanted to respond to three points. Number one, I think the Court asked me before whether the fact that it's a plea to count one sort of suggests that it's a plea to count one of the complaint is charged. And I would submit that based, you know, I handle state court appeals. I've handled them for 12 years. I was a research attorney for the Court of Appeal for two years before. It does happen that at the change of plea hearing, you could have an amendment to the complaint. If it went from first to second, the prosecutor would make a motion on the record saying, I move to amend the complaint, you know, to change from count one to count two. I'm sorry, from count one, you know, I withdraw the charge. We understand that point. You had two others? Yeah. The suggestion that I somehow invited counsel to submit additional documents on the givable oral argument is completely inaccurate. First of all, I strongly believe that the issue was contested in the district court. In fact, counsel has discussed filing a motion for additional notice before we file an opening brief. So I don't think it's some kind of a case. There was no late development that would have caused counsel to file it. Okay. What's your third point? My third point has to do with the camps. I'm sorry. The reason it's relevant is because if the defense position at the camps is accepted, you would have a situation that a California burglary prior could never be narrowed down to a Taylor burglary or generic burglary. And this Court has said that for the purposes of the career offender guideline, the So I think you would have an anomalous situation where you have a career offender guideline under which a California burglary prior never qualifies as a burglary or withholding, but at the same time always qualifies under the residual clause. And I think that's a fact that warrants examination. I mean, I don't know what the Court is going to do in the camps, but if they agree with defense position, I think it would give a legitimate reason to reexamine Park's conclusions. Thank you, counsel. Thank you. We appreciate the helpful arguments from both counsel. The case just argued is submitted.
judges: Graber, Ikuta, Hurwitz